George N. Styliades, Esquire
LAW OFFICES OF GEORGE N. STYLIADES
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant,
Vanguard Logistics Services (USA), Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| GARY BEAUMONT, | C.A. No. 3:22-CV- |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| VANGUARD LOGISTICS SERVICES (USA), INC., and JOHN DOES 1-10 (Fictitious Name) and ABC COMPANIES 1-10 (Fictitious Name), | |
| Defendants. | |

TO:  Clerk of the United States District Court
     for the District of New Jersey

**PLEASE TAKE NOTICE** that defendant, Vanguard Logistics

Services (USA), Inc. ("VLS"), hereby removes this action from the

Superior Court of New Jersey in Middlesex County to the United

States District Court for the District of New Jersey, Trenton Vicinage[1], pursuant to 28 U.S.C. §§1441 and 1446, and bases the removal upon the following matters:

1.     On April 7, 2022, plaintiff, Gary Beaumont ("Beaumont") filed a Complaint against VLS in the Superior Court of New Jersey in Middlesex County, under Docket No. MID-L-1764-22 (the "State Court Action").  In accordance with 28 U.S.C. §1446(a), a copy of the Complaint is attached hereto, made a part hereof, and marked as Exhibit A.

2.     VLS received a copy of the Complaint, and the Summons, on April 11, 2022.

3.     VLS' Notice of Removal is timely filed, pursuant to 28 U.S.C. §1446(b)(1), because this action was removed within thirty (30) days of VLS' receipt of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based".

4.     This Court has original jurisdiction over this entire controversy, pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

---

[1] Plaintiff is a resident of the State of New York, and the office of counsel for the plaintiff is located in East Brunswick Township, Middlesex County, which is south of the Raritan River and, therefore, this case is to be assigned to this Court's Trenton Vicinage.

5.   Beaumont is a citizen of the State of New York.   *See Exhibit A.*

6.   VLS is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5000 Airport Plaza Drive, Suite 200, Long Beach, California.   See Affidavit of George P. Hassapis, Esquire, ¶2, which is attached hereto, made a part hereof, and marked as Exhibit B.

7.   VLS also has a place of business at 300 Middlesex Avenue, Carteret, New Jersey.   *See Exhibit B*, ¶3.

8.   Beaumont made a cumulative demand in the Complaint exceeding $75,000.00.   *See Exhibit B*, ¶10.

9.   Based upon the relief sought and Beaumont's allegations and representations therein, VLS asserts in good faith that the amount in controversy exceeds $75,000.00.   Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (holding that the amount in controversy must be measured by a "reasonable reading of the value of the rights being litigated").

10.  This Court also has original jurisdiction over this entire controversy pursuant to 28 U.S.C. §1441(b), because the matters at issue herein are governed by this Court's maritime jurisdiction.

11.  Beaumont's claims for relief are premised upon certain personal property which was allegedly damaged in transit from

Sydney, Australia to Ballston Spa, New York.  It is irrefutable that the shipment is governed by an ocean bill of lading which resulted in the shipment of one (1) container said to contain a motorcycle, riding gear, a bicycle, a DVD collection, and other assorted items being shipped from Australia to the United States, and which was generated and provided to Mr. Beaumont prior to the container's loading on an ocean merchant vessel in Sydney, Australia. *See Exhibit B*, ¶6, ¶8.

12.  The bill of lading between Beaumont and VLS contains, in part, a forum selection clause which requires that "[a]ll disputes in any way relating to this Bill of Lading shall be determined by the United States District Court for the Southern District of New York to the exclusion of the jurisdiction of any courts in the United States or any courts of any other country ….".  As such, the parties agreed that all disputes and matters by and between themselves shall be solely adjudged in the federal courts of the United States.  *See Exhibit B*, ¶¶6-7.

13.  Pursuant to 28 U.S.C. §1446(d), VLS has provided Beaumont with written notice of the filing of this Notice of Removal and has filed a Notice to State Court of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey.  A copy of the "filed" Notice to State Court of Filing of Notice of Removal is attached hereto, made a part hereof, and marked as Exhibit C.

14.   Based upon the foregoing matters, the State Court Action is properly removed.

15.   VLS reserves the right to amend or supplement this Notice of Removal.

16.   VLS appears solely for the purpose of removal and for no other purpose, and reserves all rights, defenses, objections, and exceptions, including, but not limited to, those relating to jurisdiction, venue, insufficiency of service of process, suit time limitations, forum selection, and statutes of limitation.

**WHEREFORE**, defendant, Vanguard Logistics Services (USA), Inc., improperly pled as Vanguard Logistics, prays that the State Court Action be removed to the United States District Court for the District of New Jersey, Trenton Vicinage, and that this Honorable Court accepts jurisdiction and places this action on the docket for further proceedings.

LAW OFFICES OF GEORGE N. STYLIADES


/s/ George N. Styliades
George N. Styliades
Attorney ID No. 016361989
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant


Date:  May 10, 2022

# EXHIBIT A

LAW OFFICES OF ROTHBLATT LAW, LLC.
LAW OFFICES OF STEVEN D. ROTHBLATT, ESQ.
197 ROUTE 18 SOUTH,
SUITE 3000, SOUTH TOWER
EAST BRUNSWICK NJ 08816
TELEPHONE (732) 448-1300

---

|  |  |
|---|---|
| GARY BEAUMONT<br>　　　　Plaintiff | *SUPERIOR COURT OF NEW JERSEY<br>*<br>*LAW DIVISION: MIDDLESEX COUNTY<br>*　　DOCKET NO.<br>*<br>- vs-　　　　　　　　　　*<br>* Civil Action<br>VANGUARD LOGISTICS,<br>and JOHN DOES 1-10　　*　COMPLAINT,<br>(Fictitious Names)　　*　JURY DEMAND<br>　and ABC COMPANIES 1-10　　and CERTIFICATION<br>　Fictitious Names)　　*<br>　　　Defendants　　*　 |

---

The Plaintiff GARY BEAUMONT residing at 563 Washington Avenue, ALBANY NY 12206 by way of Complaint against the Defendant VANGUARD LOGISTICS located at 300 Middlesex Avenue, Carteret NJ 07008 and Defendant JOHN DOES 1-10 (Fictitious Names) and and ABC COMPANIES 1-10 (Fictitious Names) says:

## COUNT ONE

1. The Defendant VANGUARD LOGISTICS is a company providing warehouse services for goods that are shipped from overseas to the United States.  The "Defendants" refers

2

collectively to the owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives and independent contractors of the Defendant VANGUARD LOGISTICS.

2. Upon information and belief JOHN DOES 1 through 10 and ABC COMPANIES 1-10 are fictitious individuals meant to represent the owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives and independent contractors of defendant VANGUARD LOGISTICS who have been involved in the conduct which gives rise to this complaint, however are heretofore unknown to Plaintiffs.   As these defendants are identified, Plaintiffs shall amend the Complaint to include them.

3. The Plaintiff entered into an agreement with Defendant VANGUARD LOGISTICS to take possession in its warehouse of a shipment consisting but not limited to his motor cycle referred to as the consignment and as listed in the Bill of Lading. The Plaintiff was shipping the consignment from Sydney, Australia to New York City. The sum of $1837.35 was paid in total by Plaintiff to Defendant.

4. The defendant assumed full custody, care and control of the consignment pursuant to the contract.

5. On or about September 1, 2021 forklift was dropped upon and destroyed the above motorcycle and other goods contained therein while in the care and custody of the Defendant while in its warehouse. By admission from the warehouse manager and verified by

3

close inspection the custom made purpose built shipping crate was crushed by a great weight from above.

6. The motorcycle is a total loss. The other items included in the cargo such as a Cannondale Men's Mountain bike, four motorcycle helmets, two wall prints, and two unique and original Australian Native paintings that were framed and packaged were also torn and therefore ruined and a total loss.

7. The shipment had been unloaded but had not yet cleared customs. Plaintiff has been unable to clear Customs as the shipment's destruction renders the motorcycle ineligible for entry into the country.

8. The shipment was in the custody, care and control of the Defendant at the time it was destroyed. The damage to the property was caused by the negligence of Defendant and its employees and the Defendant is liable and responsibility for the entire loss.

9. Plaintiff sustained damages totaling $39,089.35. The plaintiff requested that the Defendant pay the cost of the loss, however the Defendant has denied responsibility.

WHEREFORE based upon the foregoing allegations the Plaintiff demands judgment against Defendants VANGUARD LOGISTICS and JOHN DOES 1-10 (Fictitious Names) and ABC COMPANIES 1-10 Fictitious Names) as follows:

4

a) Directing that Defendants to pay compensatory damages of $39,089.35.

b) Directing defendants to pay plaintiff's legal fees, interest, and costs of court.

c) For such other relief as this court may deem equitable.

### SECOND COUNT

1. The Plaintiff repeats the allegations contained in the First Count as if set forth in full herein.

2. The Consumer Fraud Act *N.J.S.A.* 56:8-2 (hereinafter known as the "CFA") prohibits the following:

> "The act, use, or employment of any unconscionable commercial practice, deception, fraud, false pretense, false promise [or] misrepresentation, or a "knowing concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission in connection with the sale or advertisement of any merchandise or services.

3. The Defendants through its owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives and independent contractors have engaged in the use of unconscionable commercial practices, false promises, misrepresentations and the knowing concealment, suppression, or omission of material facts in violation of the

5

CFA in their interactions with Plaintiffs.

4. The Defendants through its owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives and independent contractors have violated statutes and administrative regulations promulgated pursuant to the CFA in their interactions with plaintiff.

5. The conduct of Defendants in violation of the CFA includes but is not limited to the unconscionable commercial practices, false promises and/or misrepresentations, and knowing omissions of material fact set forth in this complaint.

6. Each unconscionable commercial practice, false promises and/or misrepresentations and/or knowing omissions of material fact by Defendants constitutes a separate violation of the CFA.

7. The Plaintiff relied to his detriment upon the false promises and/or misrepresentations, and knowing omissions of material fact made by the Defendants.

8. The Plaintiff sustained damages as a result of his reliance upon the false promises, material misrepresentations, and knowing material omissions of material fact by Defendants.

9. The acts and omissions of Defendants constituted multiple instances of unlawful practices in violation of the CFA (N.J.S.A. 56:8-1) including but not limited

6

to the acts and practices alleged in this Complaint.

WHEREFORE based upon the foregoing allegations the plaintiffs demand judgment against defendant VANGUARD LOGISTICS  and JOHN DOES 1-10 (Fictitious Names) and ABC COMPANIES 1-10 Fictitious Names):

a) Directing the Defendants to pay treble or triple damages.

b) Directing Defendant to pay Plaintiff's legal fees, interest, and costs of court.

c) For such other relief as this court may deem equitable and just.


**JURY DEMAND**

The Plaintiffs demand a trial by jury on all issues.


                                Rothblatt law, LLC.

Dated: April 5 2022    By:_____
                                Steven D. Rothblatt
                                Attorneys for Plaintiff


**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, notice is hereby given that STEVEN D. ROTHBLATT is designated as trial counsel.

                                Rothblatt law, LLC.

Dated: April 5 2022        By:_____
                                Steven D. Rothblatt
                                Attorneys for Plaintiff

7

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, and further, that there are no other known parties who should be joined herein to the best of our information, knowledge and belief.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Rothblatt law, LLC.

Dated: April 5 2022         By: _____
                                Steven D. Rothblatt
                                Attorneys for Plaintiff

# Civil Case Information Statement

### Case Details: MIDDLESEX | Civil Part Docket# L-001764-22

**Case Caption:** BEAUMONT GARY  VS VANGUARD LOGISTICS

**Case Initiation Date:** 04/07/2022

**Attorney Name:** STEVEN D ROTHBLATT

**Firm Name:** ROTHBLATTLAW  LLC

**Address:** 197 ROUTE 18 SOUTH, STE 3000, SOUTH TOWER
EAST BRUNSWICK NJ 08816

**Phone:** 7324481300

**Name of Party:** PLAINTIFF : BEAUMONT, GARY

**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: GARY BEAUMONT?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/07/2022
Dated

/s/ STEVEN D ROTHBLATT
Signed

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| GARY BEAUMONT, | : C.A. No. 3:22-CV-  |
| | : |
| Plaintiff, | : |
| | : **AFFIDAVIT OF GEORGE P.** |
| v. | : **HASSAPIS, ESQUIRE,** |
| | : **VANGUARD LOGISTICS** |
| VANGUARD LOGISTICS SERVICES (USA), INC., | : **SERVICES (USA), INC.** |
| and JOHN DOES 1-10 | : |
| (Fictitious Name) | : |
| and ABC COMPANIES 1-10 | : |
| (Fictitious Name), | : |
| | : |
| Defendants. | : |
| | : |

STATE OF CALIFORNIA        :
                           :  ss
COUNTY OF LOS ANGELES      :

    **GEORGE P. HASSAPIS, ESQUIRE,** being duly sworn according to law, deposes and says:

    1.   I am the Chief Legal Officer of Vanguard Logistics Services (USA), Inc. ("VLS").

    2.   VLS is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5000 Airport Plaza Drive, Suite 200, Long Beach, California.

3.    VLS also has a place of business at 300 Middlesex Avenue, Carteret, New Jersey.

4.    My responsibilities include, amongst others, handling property loss claims which are similar to those which allegedly arose herein with respect to plaintiff, Gary Beaumont.

5.    As the Chief Legal Officer, I am fully familiar with the documents which are generated by VLS in order to arrange for the ocean carriage of the cargoes of our customers.

6.    I attach hereto as Exhibit 1 a true and correct copy of VLS Bill of Lading No. SYDNYC1227012V, which was issued by VLS' non-vessel operating common carrier in Hong Kong, to Mr. Beaumont for the ocean transit of one (1) container, said to contain certain personal items, from Sydney, Australia to Ballston Spa, New York (the "B/L").

7.    The terms and conditions of the B/L are found at the rear    of    the    document,    and    at    VLS'    website, https://www.vanguardlogistics.com/hong-kong-terms-and-conditions

8.    The B/L was generated and provided by VLS to Mr. Beaumont prior to the container's loading on the ocean merchant vessel in Sydney, Australia, and which thereafter transited from Australia to the United States.

9.    I attach hereto as Exhibit 2 a true and correct copy of VLS' Seafreight Shippers Letter of Instruction ("LOI") relating to the shipping and delivery instructions for the subject cargo, which

was generated as a result of the request made by Mr. Beaumont or his appointed representative to VLS for the ocean transit of the subject container.

10.   I reviewed the Complaint which was filed by Mr. Beaumont in the Superior Court of New Jersey, and the pleadings have a cumulative demand exceeding $75,000.00, being (a) the physical damages allegedly sustained to the subject cargo while being transported under the B/L, and (b) the alleged treble damages being sought by Mr. Beaumont under the New Jersey Consumer Fraud Act relating to the B/L and/or the physical damages allegedly sustained to the subject cargo.

I affirm that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

George P. Hassapis

SWORN TO AND SUBSCRIBED
before me this 9 th day
of May 2022.



CARLA CHAVARRI
Notary Public - California
Los Angeles County
Commission # 2269525
My Comm. Expires Dec 4, 2022

Notary Public

3

## JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of      California                                    )

County of   L o s  Angeles                          )

Subscribed and sworn to (or affirmed) before me on this   9th   day of   May   20   22
                                                                                    Date              Month              Year

by        George  P.  Hasapis
                              Name(s) of the Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature   _____

                    Signature of Notary Public

**CARLA CHAVARRI**
Notary Public · California
Los Angeles County
Commission # 2269525
My Comm. Expires Dec 4, 2022

Seal

### Optional Document Information
Completing this section helps avoid alteration of the document or fraudulent reattachment of this form to an unintended document.

Title or description of attached document   _____

Document date   _____

Total number of pages including this certificate   _____

Notary contact number   ( ___ ) _____ - _____

# EXHIBIT 1

# VANGUARD
## LOGISTICS

## BILL OF LADING
OTI# 019927

| | |
|---|---|
| SHIPPER/EXPORTER (2) (COMPLETE NAME AND ADDRESS)<br>Mr Gary Beaumont<br>2/18 Ocean Street<br>Thirroul NSW 2515<br>Australia Gtb.88@vigpind.com<br>+61418218470 | DOCUMENT NO.(5) Page 1 of 1<br><br>SYDNYC1227012V<br>EXPORT REFERENCE (6) |
| CONSIGNEE (3) (COMPLETE NAME AND ADDRESS) NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER<br>Mr Gary Beaumont<br>166 Charlton Road<br>Balston Spa NY 12021 USA | FORWARDING AGENT REFERENCES(7)<br><br>POINT AND COUNTRY OF ORIGIN (8) |
| NOTIFY PARTY (4) (COMPLETE NAME AND ADDRESS)<br>SAME AS ABOVE | DOCUMENT PRESENTATION(9)<br>VANGUARD LOGISTICS SERVICES USA INC<br>DBA VANGUARD LOGISTICS SERVICES<br>2665 EAST DEL AMO BLVD<br>RANCHO DOMINGUEZ, CA 90221<br>Tel: 310-6373700 |
| PLACE OF RECEIPT(12)<br>SYDNEY | |

| VESSEL (13)FLAG<br>SYNERGY KEELUNG /114N | PORT OF LOADING (14)<br>SYDNEY | INTERNAL REFERENCE (10)<br>File Ref:  2021051061/11 |
|---|---|---|
| PORT OF DISCHARGE (15)<br>LOS ANGELES | PLACE OF DELIVERY (16)<br>NEW YORK | |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
| 21050142 | 1 CRATE(S) | SLAC 1 X USED MOTORCYLCE / RIDING GEAR<br>ASSORTED FRAMED PRINTS<br>DVD COLLECTION<br>1 X USED BICYCLE<br><br>AMS HBL : DNYC1227012V<br>SCAC : NAQA<br>INNER PIECE COUNT : 1 CRATE<br>EXPE | 240.000 KG | 4.7480 CBM |

Container No/Seal No
40' / MSKU0120357  / 8048624

CFS/CFS

**Express Release**

**NON-NEGOTIABLE COPY**

Freight Prepaid CFR

| Total No. of Pkgs.   1 | |
|---|---|
| FOR EXCESS AD VALOREM VALUE SEE CLAUSE 19 ON REVERSE SIDE<br>CHARGES, INCL FREIGHT | Received for Shipment from the MERCHANT in apparent good order and condition unless otherwise stated herein, the GOODS mentioned above to be transported as provided herein, by any mode of transport for all or any part of the Carriage, SUBJECT TO ALL THE TERMS AND CONDITIONS appearing on the face and back hereof and in the CARRIER'S applicable Tariff, and are available electronically at http:www.vlshkg.com.hk.to which the Merchant agrees by accepting this BILL OF LADING. |

ZERO (0) ORIGINAL

Where applicable law requires and not otherwise, one original BILL OF LADING must be surrendered, duly endorsed, in exchange for the GOODS or CONTAINER(S) or other PACKAGE(S), the others to stand void. If a 'Non-Negotiable' BILL OF LADING is issued, neither an original nor a copy need be surrendered in exchange for delivery unless applicable law so requires.

BY Vanguard Logistics Services (Aust) Pty Ltd

As Agent for the Carrier Vanguard Logistics Services (Hong Kong) Limited

Dated **20/05/21**          B/L NO **SYDNYC1227012V**

# EXHIBIT 2

# Seafreight Shippers Letter of Instruction



**VANGUARD LOGISTICS**

| Shipper: | Mr Gary Beaumont | Vanguard Booking Number: | SYDNYC1227012V |
|---|---|---|---|
| | 2/18 Ocean Street | Booked by (Company Name): | Park Express Australia P/L |
| | Thirroul NSW 2515 | Shippers Reference Number: | ES1078 |
| | Australia | Consignee Reference Number: | |
| Email Address: | Gtb.88@vigpind.com | Shipment Terms: | PREPAID |
| Phone: | +61418218470 | Quote Number: | WD2104102639 |
| Consignee: | Mr Gary Beaumont | VLS to arrange EDN: | YES / NO ✔ |
| | 166 Charlton Road | If NO, please provide CAN: | AEK9FM3WE |
| | Balston Spa NY 12021 USA | If YES, Country of Origin of goods: (State if country is Australia) | AUSTRALIA |
| | | VLS to arrange Pick Up: | YES / NO ✔ |
| Email Address: | Gtb.88@vigpind.com | If YES, please provide Pick Up Address: | |
| Phone: | +61418218470 | | |
| Notify Party: | As Above | Between the Hours: | |
| | | Special Pick Up instructions: | |
| | | Hazardous Cargo: | YES / NO ✔ |
| | | Original HBL Required: | YES / NO ✔ |
| Email Address: | | HS Number: | 87112000/49119100/87120000/85232900 |
| Phone: | | VLS to obtain FCL VGM: | YES / NO ✔ |

| Vessel: | SYNERGY KEELUNG v 114N | Port of Loading: | SYDNEY |
|---|---|---|---|
| Discharge Port: | LOS ANGELES | Final Destination: | NEW YORK |

| Marks & Numbers | Number and Type of packages | Good Description | Gross Cargo Weight (KG) | Total CBM Measurement |
|---|---|---|---|---|
| AS ADDR | 1 | 1 X USED MOTORCYLCE / RIDING GEAR | 240 | 4.748 |
| | CRATE | ASSORTED FRAMED PRINTS | | |
| | | DVD COLLECTION | | |
| | | 1 X USED BICYCLE | | |
| | | | | |
| | | | | |
| | | | | |

**Special Instructions:**

| Charges Payable by: | Shipper | Consignee | Other | If other, please state | Signed: | |
|---|---|---|---|---|---|---|
| Origin Cartage | | | | | Date: | |
| Export Clearance & Doc | | | | | Phone Number: | |
| Freight | | | | Name: | | |
| Destination Charges | | | | Email Address: | | |

| Delivery Address | Delivery Instructions |
|---|---|
| **QUBE Logistics**<br>Loftus Road Entrance – Warehouse 5<br>Yennora Distribution Centre, Yennora NSW 2161<br>Delivery Hours: Monday – Friday 6:00am - 3:00pm | • Cargo must have shipping marks & numbers<br>• A completed Forwarding Instruction with Vanguard booking number must be presented when delivering the goods. |

vanguardlogistics.com
Level 2, 12 Lord Street, Botany NSW 2019, Australia
Phone +61 2 9694 9900 | ABN 38 082 987 773 | O.T.I.#017237N
All business undertaken is subject to the Company's Standard Trading Conditions, which may limit or exclude the Company's liability and contain indemnities benefiting the Company, copies of which are available upon request.

# EXHIBIT C

## George Styliades

| | |
|---|---|
| **From:** | eCourtsCivilDoNotReply.mailbox@njcourts.gov |
| **Sent:** | Tuesday, May 10, 2022 8:19 AM |
| **To:** | George Styliades |
| **Subject:** | NJ eCourts NOTICE OF REMOVAL Confirmation - Civil Case MID-L-001764-22 |

### SUPERIOR COURT OF NEW JERSEY - eCOURTS

The following was filed by STYLIADES, GEORGE, N on 05/10/2022 at 8:18 AM:

| | |
|---|---|
| Plaintiff Name: | GARY BEAUMONT |
| Defendant Name: | JOHN DOES (1-10), VANGUARD LOGISTICS, ABS COMPANIES (1-10) |
| Case Caption: | BEAUMONT GARY VS VANGUARD LOGISTICS |
| Case Number: | MID-L-001764-22 |
| Docket Text: | NOTICE OF REMOVAL submitted by STYLIADES, GEORGE, N of GEORGE N. STYLIADES on behalf of VANGUARD LOGISTICS against GARY BEAUMONT, JOHN DOES (1-10), ABS COMPANIES (1-10) |
| Transaction ID: | LCV20221844231 |

Documents Attached:

| Document Type | File Name | Document Description |
|---|---|---|
| NOTICE OF REMOVAL | 8963001.noticetostatecourtoffilingofnoticeofremoval05102022.pdf | NOTICE OF REMOVAL |

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

1

GEORGE N. STYLIADES
Attorney ID No. 016361989
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant,
Vanguard Logistics Services (USA), Inc.

|  |  |  |
|---|---|---|
| GARY BEAUMONT, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | LAW DIVISION |
| Plaintiff, | : | MIDDLESEX COUNTY |
|  | : |  |
| v. | : | DOCKET No. MID-L-1764-22 |
|  | : |  |
| VANGUARD LOGISTICS, | : |  |
| and JOHN DOES 1-10 | : | NOTICE TO STATE COURT |
| (Fictitious Name) | : | OF FILING OF NOTICE |
| and ABC COMPANIES 1-10 | : | OF REMOVAL |
| (Fictitious Name), | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

TO: The Clerk of the Superior Court of New Jersey

**PLEASE TAKE NOTICE** that defendant, Vanguard Logistics
Services (USA), Inc., improperly pled as Vanguard Logistics, is
hereby providing notice that it shall file a Notice of Removal
with the Clerk of the United States District Court for the District
of New Jersey, Newark Vicinage, pursuant to 28 U.S.C. §§1441 and

1

1446, with respect to the matters asserted in the Complaint.  The Notice of Removal to be filed is attached hereto, made a part hereof, and marked as Exhibit A.

**WHEREFORE**, defendant, Vanguard Logistics Services (USA), Inc., improperly pled as Vanguard Logistics, prays that within action shall be removed to the United States District Court for the District of New Jersey, and that this Court shall no longer possess jurisdiction over the within action, with defendant reserving all rights, defenses, objections, and exceptions, including, but not limited to, those relating to venue, insufficiency of service of process, suit time limitations, forum selection, and statutes of limitation.

GEORGE N. STYLIADES

/s/ George N. Styliades
George N. Styliades
Attorney ID No. 016361989
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant

Date: May 10, 2022

2

# EXHIBIT A

George N. Styliades, Esquire
LAW OFFICES OF GEORGE N. STYLIADES
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant,
Vanguard Logistics Services (USA), Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

| | |
|---|---|
| GARY BEAUMONT, | : C.A. No. 3:22-CV- |
| | : |
| Plaintiff, | : |
| | : **NOTICE OF REMOVAL** |
| v. | : |
| | : |
| VANGUARD LOGISTICS SERVICES (USA), INC., | : |
| and JOHN DOES 1-10 | : |
| (Fictitious Name) | : |
| and ABC COMPANIES 1-10 | : |
| (Fictitious Name), | : |
| | : |
| Defendants. | : |

TO:  Clerk of the United States District Court
     for the District of New Jersey

**PLEASE TAKE NOTICE** that defendant, Vanguard Logistics

Services (USA), Inc. ("VLS"), hereby removes this action from the

Superior Court of New Jersey in Middlesex County to the United

1

States District Court for the District of New Jersey, Trenton Vicinage[1], pursuant to 28 U.S.C. §§1441 and 1446, and bases the removal upon the following matters:

1.    On April 7, 2022, plaintiff, Gary Beaumont ("Beaumont") filed a Complaint against VLS in the Superior Court of New Jersey in Middlesex County, under Docket No. MID-L-1764-22 (the "State Court Action").  In accordance with 28 U.S.C. §1446(a), a copy of the Complaint is attached hereto, made a part hereof, and marked as Exhibit A.

2.    VLS received a copy of the Complaint, and the Summons, on April 11, 2022.

3.    VLS' Notice of Removal is timely filed, pursuant to 28 U.S.C. §1446(b)(1), because this action was removed within thirty (30) days of VLS' receipt of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based".

4.    This Court has original jurisdiction over this entire controversy, pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

---

[1] Plaintiff is a resident of the State of New York, and the office of counsel for the plaintiff is located in East Brunswick Township, Middlesex County, which is south of the Raritan River and, therefore, this case is to be assigned to this Court's Trenton Vicinage.

5. Beaumont is a citizen of the State of New York. *See Exhibit A.*

6. VLS is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5000 Airport Plaza Drive, Suite 200, Long Beach, California. See Affidavit of George P. Hassapis, Esquire, ¶2, which is attached hereto, made a part hereof, and marked as Exhibit B.

7. VLS also has a place of business at 300 Middlesex Avenue, Carteret, New Jersey. *See Exhibit B,* ¶3.

8. Beaumont made a cumulative demand in the Complaint exceeding $75,000.00. *See Exhibit B,* ¶10.

9. Based upon the relief sought and Beaumont's allegations and representations therein, VLS asserts in good faith that the amount in controversy exceeds $75,000.00. Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (holding that the amount in controversy must be measured by a "reasonable reading of the value of the rights being litigated").

10. This Court also has original jurisdiction over this entire controversy pursuant to 28 U.S.C. §1441(b), because the matters at issue herein are governed by this Court's maritime jurisdiction.

11. Beaumont's claims for relief are premised upon certain personal property which was allegedly damaged in transit from

3

Sydney, Australia to Ballston Spa, New York. It is irrefutable that the shipment is governed by an ocean bill of lading which resulted in the shipment of one (1) container said to contain a motorcycle, riding gear, a bicycle, a DVD collection, and other assorted items being shipped from Australia to the United States, and which was generated and provided to Mr. Beaumont prior to the container's loading on an ocean merchant vessel in Sydney, Australia. *See Exhibit B*, ¶6, ¶8.

12. The bill of lading between Beaumont and VLS contains, in part, a forum selection clause which requires that "[a]ll disputes in any way relating to this Bill of Lading shall be determined by the United States District Court for the Southern District of New York to the exclusion of the jurisdiction of any courts in the United States or any courts of any other country ….". As such, the parties agreed that all disputes and matters by and between themselves shall be solely adjudged in the federal courts of the United States. *See Exhibit B*, ¶¶6-7.

13. Pursuant to 28 U.S.C. §1446(d), VLS has provided Beaumont with written notice of the filing of this Notice of Removal and has filed a Notice to State Court of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey. A copy of the "filed" Notice to State Court of Filing of Notice of Removal is attached hereto, made a part hereof, and marked as Exhibit C.

4

14.   Based upon the foregoing matters, the State Court Action is properly removed.

15.   VLS reserves the right to amend or supplement this Notice of Removal.

16.   VLS appears solely for the purpose of removal and for no other purpose, and reserves all rights, defenses, objections, and exceptions, including, but not limited to, those relating to jurisdiction, venue, insufficiency of service of process, suit time limitations, forum selection, and statutes of limitation.

**WHEREFORE,** defendant, Vanguard Logistics Services (USA), Inc., improperly pled as Vanguard Logistics, prays that the State Court Action be removed to the United States District Court for the District of New Jersey, Trenton Vicinage, and that this Honorable Court accepts jurisdiction and places this action on the docket for further proceedings.

LAW OFFICES OF GEORGE N. STYLIADES


/s/ George N. Styliades
George N. Styliades
Attorney ID No. 016361989
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant


Date:  May 10, 2022

5

## CERTIFICATE OF SERVICE

I certify that the Notice of Filing of Notice of Removal was served upon the below listed counsel by eCourts notification and by first class mail, postage prepaid, this 10th day of May 2022.


Steven D. Rothblatt, Esquire
LAW OFFICES OF ROTHBLATT LAW, LLC
197 Route 18 South, Suite 3000
East Brunswick, NJ 08816


GEORGE N. STYLIADES


/s/ George N. Styliades
George N. Styliades
Attorney ID No. 016361989
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant

3