George N. Styliades, Esquire
LAW OFFICES OF GEORGE N. STYLIADES
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant,
Vanguard Logistics Services (USA), Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

_____
                                      :
GARY BEAUMONT,                        : No. 2:22-cv-02715-WJM-LDW
                                      :
       Plaintiff,                    :
                                      : **DECLARATION OF GEORGE**
       v.                            : **P. HASSAPIS IN SUPPORT**
                                      : **OF MOTION TO TRANSFER**
VANGUARD LOGISTICS SERVICES (USA),    : **VENUE TO THE UNITED**
INC. and JOHN DOES 1-10               : **STATES DISTRICT COURT**
(Fictitious Name)                     : **FOR THE SOUTHERN**
and ABC COMPANIES 1-10                : **DISTRICT OF NEW YORK**
(Fictitious Name),                    :
                                      :
       Defendants.                   :
_____:

    **GEORGE P. HASSAPIS**, being duly sworn according to law, declares the following matters to be true under penalty of perjury

1

of the laws of the United States of America pursuant to 28 U.S.C. §1746:

1. I am the Chief Legal Officer of Vanguard Logistics Services (USA), Inc. ("VLS").

2. In my capacity as Chief Legal Officer, I have access to and am fully familiar with the documents which are generated by VLS to arrange for the ocean carriage, or the intermodal or "through" carriage, of the cargoes of our customers, and the relevant documents with reference to this particular matter.

3. My responsibilities also include, amongst others, handling property loss claims which are similar to the losses and damages which allegedly arose herein with respect to plaintiff, Gary Beaumont.

4. Plaintiff alleges property losses and damages to and/or arising out of a container shipment, said to contain a motorcycle, a bicycle, and other personal items, from Sydney, Australia to Ballston Spa, New York. A copy of the Complaint which was filed by Mr. Beaumont against VLS is attached as Exhibit 1.

5. The Complaint alleges that plaintiff is a resident of Albany, New York. Ex. 1, introductory ¶.

6. I attach as Exhibit 2 a true copy of VLS Bill of Lading No. SYDNYC1227012V, which was issued by VLS' non-vessel operating common carrier in Hong Kong to plaintiff for the intermodal

carriage of one (1) container from Sydney, Australia to Ballston Spa, New York (the "B/L").

7. The reverse side of the B/L contains VLS' standard terms and conditions, so that this Honorable Court can have a better understanding of the actual appearance of the bill of lading that VLS issues to its customers.

8. The terms and conditions found on the reverse of the B/L are also available to VLS' customers and the public at large on VLS' website, https://www.vanguardlogistics.com/hong-kong-terms-and-conditions.

9. The B/L was generated and provided by VLS to plaintiff prior to the container's loading on the M/V SYNERGY KEELUNG in Sydney, Australia, and which thereafter transited from Australia to the United States.

10. I also attach as Exhibit 3 a true copy of VLS' Seafreight Shippers Letter of Instruction relating to the shipping and delivery instructions for the subject cargo, which was generated based upon the request made by plaintiff or his appointed representative to VLS for the carriage of the subject container.

11. The front of the B/L expressly provides:

> Received for Shipment from the MERCHANT in apparent good order and condition unless otherwise stated herein, the GOODS mentioned above to be transported as provided herein, by any mode of transport for all or any part of the Carriage, SUBJECT TO THE TERMS AND CONDITIONS appearing on the face and back hereof and in the CARRIER'S applicable Tariff, and are

3

available electronically at http:<u>www.vlskg.com.hk.to</u> which the Merchant agrees by accepting this BILL OF LADING.

12. Clause 1 of the terms and conditions of the B/L, entitled "Definitions", expressly provides that (a) "Bill of Lading" are conventional bills of lading, as well as electronic, express and laser bills of lading, sea waybills and all like documents, howsoever generated, covering the Carriage of Goods", (b) "Carriage" means the whole operation and service undertaken by the Carrier with respect to the Goods, (c) "Carrier" means the Company named on the face side and whose behalf the bill of lading weas issued, (d) "Goods" means the cargo received from the plaintiff and described on the front of the bill of lading, and (e) "Merchant" means the shipper or consignee [Ex. 2, Clause 1].

13. Clause 4(a) of the B/L expressly states that the carriage of the cargo and the bills of lading are subject to the Carriage of Goods by Sea Act of the United States ("COGSA"), and nothing contained in the bill of lading can be interpreted to be a surrender by VLS or any right, immunities, exemptions, limitations, or exonerations as set forth under COGSA. [Ex. 2, Clause 4(a)].

14. Clause 21(b) of the B/L expressly provides:

**All disputes in any way relating to this Bill of Lading shall be determined by the United States District Court for the Southern District of New York to the exclusion of the jurisdiction of any other courts in the United States or the courts of any other country** PROVIDED ALWAYS that the Carrier may in its absolute and sole discretion invoke or voluntarily

4

submit to the jurisdiction of any other court which, but for the terms of this Bill of Lading, could properly assume jurisdiction to hear and determine such disputes, but such shall not constitute a waiver of the terms of this provision in any other instance.

[Ex. 2, Clause 21(b), emphasis added].

15. As plaintiff's claim arises in connection with the intermodal carriage from Sydney, Australia to Ballston Spa, New York, and is subject to COGSA, plaintiff's lawsuit is subject to exclusive jurisdiction of the United States District Court for the Southern District of New York. [Ex. 1, ¶3, and Ex. 2, Clauses 4(a) and 21(b)].

16. In violation of Clause 21(b) in the B/L, plaintiff filed his Complaint (Ex. 1) in the Superior Court of New Jersey in Middlesex County on April 7, 2022, and VLS was served with process by plaintiff on April 11, 2022.

17. VLS timely removed this action from the Superior Court of New Jersey in Middlesex County to the United States District Court for the District of New Jersey on May 10, 2022.

18. VLS now seeks venue transfer to the United States District Court for the Southern District of New York, the agreed forum under the governing contract of carriage. This transfer will also enable VLS to enforce fully the terms and conditions of the B/L against plaintiff.

5

I affirm that the foregoing statements made by me in this Declaration are true. I am aware that if any of the foregoing statements made by me in this Declaration are willfully false, I am subject to punishment.

_____
George P. Hassapis

Date: May 25, 2022