George N. Styliades, Esquire
LAW OFFICES OF GEORGE N. STYLIADES
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant,
Vanguard Logistics Services (USA), Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

_____
:
GARY BEAUMONT,                      : No. 2:22-cv-02715-WJM-LDW
:
    Plaintiff,                    :
:
    v.                            : **MEMORANDUM OF LAW IN**
: **SUPPORT OF MOTION TO**
VANGUARD LOGISTICS SERVICES (USA),  : **TRANSFER VENUE TO THE**
INC. and JOHN DOES 1-10             : **UNITED STATES DISTRICT**
(Fictitious Name)                   : **COURT FOR THE SOUTHERN**
and ABC COMPANIES 1-10              : **DISTRICT OF NEW YORK**
(Fictitious Name),                  :
:
    Defendants.                   :
_____:

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| **Table of Authorities** | ii |
| **Introduction** | 1 |
| **Background** | 1 |
| **The VLS Bill of Lading Forum-Selection Clause** | 2 |
| **Legal Argument** | 3 |
| **POINT I –** Admiralty Jurisdiction | 3 |
| **POINT II** – Plaintiff is Bound by the Terms and Conditions of the VLS Bill of Lading – Including the S.D.N.Y. Forum-Selection Clause | 4 |
| i) Plaintiff is Bound by VLS' Bill of Lading Pursuant to the Supreme Court's Holding in *Kirby* | 6 |
| ii) Plaintiff is Bound by the Terms and Conditions of the VLS Bill of Lading by Virtue of Having Filed Suit Thereunder | 7 |
| **POINT III –** The S.D.N.Y. Forum-Selection Clause in the VLS Bill of Lading is Valid and Enforceable | 9 |
| **POINT IV –** Transfer to the Southern District of New York is Mandated Under the Forum-Selection Clause in the VLS Bill of Lading | 9 |
| **Conclusion** | 13 |

# TABLE OF AUTHORITIES

| Cases | Pages |
|---|---|
| A.P. Moller-Maersk A/S v. Ocean Express Miami, 550 F. Supp. 2d 454 (S.D.N.Y. 2008), aff'd in part, 429 F. App'x 25 (2d Cir. 2011) | 3, 6, |
| All Pacific Trading, Inc. v. Vessel M/V HANJIN YOSU, 7 F.3d 1427 (9th Cir. 1993) | 8 |
| Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, 571 U.S. 49, 134 S. Ct. 568 (2013) | 4, 5, 10, 11, 12 |
| Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190 (3d Cir.), cert denied, 464 U.S. 938 (1983) | 7 |
| F.D. Import & Export Corp. v. M/V REEFER SUN, 248 F. Supp. 2d 240 (S.D.N.Y. 2002) | 8 |
| Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413 F.3d 307 (2d Cir. 2005) | 4 |
| Herod's Stone Design v. Mediterranean Shipping Co. S.A., Case No. 18-6118 (D.N.J. June 20, 2018) | 5 |
| In Re: Howmedica Osteonics Corp., 867 F.3d 390 (3d Cir. 2017) | 4, 11, 12 |
| Instrumentation Associates, Inc. v. Madsen Elec. (Canada) Ltd., 859 F.2d 4 (3d Cir. 1988) | 4 |
| Intermetals Corp. v. Hanover International Aktiengesellschaft Fur Industrieversicherungen, 188 F. Supp. 2d 454 (D.N.J. 2001) | 5 |
| Kukje Hwajae Insurance Co., Ltd. v. M/V HYUNDAI LIBERTY, 408 F.3d 1250 (9th Cir. 2005) | 7, 8 |
| Laufer Group International v. Tamarack Industries, LLC, 599 F. Supp. 2d 528 (S.D.N.Y. 2009) | 6 |
| Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509 (9th Cir. 1988) | 7 |
| Mitsui & Co. (USA), Inc. v. MIRA M/V, 111 F.3d 33 (5th Cir. 1997) | 8 |
| New Moon Shipping Co., Ltd. v. Man B & W Diesel AG, 121 F.3d 24 (2d Cir. 1997) | 9 |

Grant Smith-Porter Ship Co. v. Rohde,                         3
     257 U.S. 469 (1922)

Norfolk Southern Railway Co. v. James N. Kirby, Pty, Ltd.    3, 4, 6,
     543 U.S. 14 (2004)

The Bremen v. Zapata Off-Shore Co.,                           5, 9,
     407 U.S. 1 (1972)                                        12

United Van Lines, LLC v. Lohr Printing,                       8
     2014 U.S. Dist. LEXIS 97557 (D.N.J. July 17, 2014)

**INTRODUCTION**

Defendant, Vanguard Logistics Services (USA), Inc. ("VLS"), hereby moves for transfer of venue pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Southern District of New York, the contractually agreed upon forum for all actions pursuant to the terms and conditions of the VLS bill of lading covering the goods and claims at issue herein.

**BACKGROUND**

Plaintiff, Gary Beaumont, alleges property losses and damages to and/or arising out of a container shipment transported from Sydney, Australia to Ballston Spa, New York. (Hassapis Declaration, ₱4, Ex. 1).

Plaintiff, a resident of the State of New York, contracted with VLS for the carriage of his cargo from Australia to the United States. (Hassapis Declaration, ₱4, ₱5, Ex. 1). The contract of carriage between VLS and plaintiff is reflected in VLS Bill of Lading No. SYDNYC1227012V (hereinafter the "B/L"), which was issued by VLS' non-vessel operating common carrier in Hong Kong to plaintiff for the intermodal carriage of one (1) crate, loaded by the plaintiff, from Sydney, Australia to Ballston Spa, New York. (Hassapis Declaration, ₱6). The front and rear sides of the B/L are found at Exhibit 2 in the Hassapis Declaration. The Complaint alleges VLS breached the contract of carriage because the cargo was damaged in VLS' warehouse in Carteret, New Jersey, and prior

1

to the customs clearance and delivery of the crate to the consignee. (See Complaint, ¶5, Ex. 1).

Pursuant to 28 U.S.C. §1404(a), VLS brings this motion to transfer venue to the United States District Court for the Southern District of New York on the basis of the forum-selection clause contained in the parties' contract of carriage.

## THE VLS BILL OF LADING FORUM-SELECTION CLAUSE

The VLS B/L provides, in pertinent part:

> **All disputes in any way relating to this Bill of Lading shall be determined by the United States District Court for the Southern District of New York to the exclusion of the jurisdiction of any other courts in the United States or the courts of any other country** PROVIDED ALWAYS that the Carrier may in its absolute and sole discretion invoke or voluntarily submit to the jurisdiction of any other court which, but for the terms of this Bill of Lading, could properly assume jurisdiction to hear and determine such disputes, but such shall not constitute a waiver of the terms of this provision in any other instance.

(Hassapis Declaration, ¶14, Ex. 2).

Admittedly, the shipment at issue was transported from Australia to the United States. Accordingly, pursuant to the parties' contract of carriage, the Southern District of New York is the proper and exclusive forum for the adjudication of plaintiff's claims. (Hassapis Declaration, ¶15). As more fully set forth below, under controlling Supreme Court precedent, a contractually agreed upon forum-selection clause is dispositive, such that motions to transfer venue must be granted in all but the most exceptional circumstances unrelated to the parties'

2

convenience. In this case, the forum-selection clause, which calls for the exclusive jurisdiction of the Southern District of New York, is valid and enforceable and plaintiff, a New York resident, cannot point to any exceptional factors that would prevent this Court from transferring this case to the proper forum. Therefore, VLS respectfully requests that this motion be granted in all respects.

**LEGAL ARGUMENT**

**POINT I**

**ADMIRALTY JURSIDICTION**

As plaintiff's action seeks damages arising from the intermodal carriage of goods from Australia to the United States, this action falls squarely within the Court's admiralty jurisdiction under 28 U.S.C. §1333. *Cf.* Norfolk Southern Railway Co. v. James N. Kirby, Pty. Ltd., 543 U.S. 14, 23 (2004) (holding that admiralty jurisdiction attached to an action for damages arising during the course of carriage from Australia to Alabama, with ocean carriage from Australia to Georgia and subsequent rail carriage from Georgia to Alabama). *See also* A.P. Moller-Maersk A/S v. Ocean Express Miami, 550 F. Supp. 2d 454 (S.D.N.Y. 2008), *aff'd in part*, 429 F. App'x 25, 29 (2d Cir. 2011). Generally, the existence of admiralty jurisdiction "depends upon the nature of the transaction". Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 476 (1922). In an action to enforce a contract, the

applicability of admiralty jurisdiction is determined by "the nature and character of the contract, and the true criterion is whether it has reference to maritime service or maritime transactions". Kirby, 543 U.S. at 24. Kirby articulated the rule that "[s]o long as a bill of lading requires substantial carriage of goods by sea," it constitutes a "maritime contract" over which the federal courts may appropriately exercise admiralty jurisdiction. Kirby, 543 U.S. at 27; *see also* Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413 F.3d 307, 315 (2d Cir. 2005).

## POINT II

**PLAINTIFF IS BOUND BY THE TERMS AND CONDITIONS OF THE VLS BILL OF LADING – INCLUDING THE S.D.N.Y. FORUM-SELECTION CLAUSE**

The interpretation of ocean bills of lading is governed by federal admiralty law. Kirby, 543 U.S. at 22-23; Instrumentation Associates, Inc. v. Madsen Elec. (Canada) Ltd., 859 F.2d 4, 7, n.5 (3d Cir. 1988). "[W]here contracting parties have specified the forum in which they will litigate disputes arising from their contract, federal courts must honor [a valid] forum selection clause '[i]n all but the most unusual cases." In Re: Howmedica Osteonics Corp., 867 F.3d 390, 397, 399 (3d Cir. 2017) (*quoting* Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, 571 U.S. 49, 66, 134 S. Ct. 568 (2013)). When a forum-selection clause provides for a federal forum, the

appropriate enforcement mechanism is 28 U.S.C. §1404(a).  <u>Atlantic Marine</u>, 571 U.S. at 59-60.

Federal courts sitting in admiralty view forum-selection clauses as *prima facie* valid and enforceable unless the resisting party shows enforcement to be unreasonable under the circumstances.  <u>The Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972); <u>Intermetals Corp. v. Hanover International Aktiengesellschaft Fur Industrieversicherungen</u>, 188 F. Supp. 2d 454, 458 (D.N.J. 2001).  *See also* <u>Herod's Stone Design v. Mediterranean Shipping Co. S.A.</u>, No. 18-6118, at 6 (D.N.J. June 20, 2018) (Linares, Ch. J.).

Under well-established admiralty law principles and precedent, any action by plaintiff against VLS for loss or damage to cargo alleged to have been sustained during the subject intermodal carriage from Sydney, Australia to Ballston Spa, New York is governed explicitly by the terms and conditions set forth in the B/L as well as the provisions of the United States Carriage of Goods by Sea Act ("COGSA") incorporated therein.[1]

---

[1] Because the shipment at issue was carried to the United States, COGSA applies pursuant to Clause 4(a) in the VLS bill of lading.  Clause 4(a) provides, in pertinent part:

4. **RESPONSIBILITY**

   a) …[**T]his Bill of Lading shall have effect subject to the Carriage of Goods by Sea Act of the United States ("COGSA"), approved April 16, 1936, and nothing herein contained, unless otherwise stated, shall be deemed a surrender by the Carrier of any of its rights, immunities, exemptions, limitations or exonerations or an increase of any of its responsibilities or liabilities under COGSA** ….  The provisions of COGSA … shall govern before loading on and after discharge from the vessel and throughout the

5

**i) PLAINTIFF IS BOUND TO VLS' BILL OF LADING PURSUANT TO TH SUPREME COURT'S HOLDING IN *KIRBY***

In Kirby, the United States Supreme Court held that the plaintiff, as cargo owner, was bound by the terms and conditions of the ocean carrier's through bill of lading where plaintiff had contracted with an intermediary who in turn contracted with the ocean liner. Kirby, 543 U.S. at 23-26. While Kirby involved a limitation of liability provision in the bill of lading, the Court's holding has been applied by logical extension to forum-selection clauses. Ocean Express Miami, 550 F. Supp. 2d at 461 (finding that the Court's holding in Kirby applies with equal weight to bind cargo owner to the ocean carrier's S.D.N.Y. forum-selection clause in the bill of lading); Laufer Group International v. Tamarack Industries, LLC, 599 F. Supp. 2d 528, 531 (S.D.N.Y. 2009).

In the present case plaintiff acknowledges that VLS was contracted to perform the intermodal or "through" carriage of his cargo from Sydney, Australia to Ballston Spa, New York. (Hassapis Declaration, ¶4, Ex. 1). The B/L's forum-selection clause, found in Clause 21(b) of the VLS' standard terms and conditions of

---

> entire time the Goods or Containers or other packages are in the care, custody and/or control of the Carrier, a Participating carrier or independent contractor (inclusive of all subcontractors), their agents and servants, whether engaged by or acting for the Carrier or any other person, as well as during the entire time the Carrier is responsible for the Goods….

Hassapis Declaration, Ex. 2; emphasis added).

carriage, vests exclusive jurisdiction in the Southern District of New York in "any dispute relating to this Bill of Lading". This language indicates a broad forum-selection clause which encompasses both contract and tort claims. There exists a consensus amongst the U.S. Courts of Appeals for some time that "forum selection clauses can be equally applicable to contractual and tort causes of action". <u>Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.</u>, 709 F.2d 190, 203 (3d Cir.) *cert. denied*, 464 U.S. 938 (1983); *see also* <u>Manetti-Farrow, Inc. v. Gucci America, Inc.</u>, 858 F.2d 509, 514 (9th Cir. 1988). Under established Supreme Court admiralty law precedent, plaintiff is bound by the terms and conditions of the B/L and any claim or damage to cargo arising during the course of the intermodal or "through" carriage from Sydney, Australia to Ballston Spa, New York will be governed by the terms and conditions of same.

**ii) PLAINTIFF IS BOUND BY THE TERMS AND CONDITIONS OF THE VLS BILL OF LADING BY VIRTUE OF HAVING FILED SUIT THEREUNDER**

It is well established principle under admiralty law that where a party brings suit for loss or damage to cargo carried under a carrier's bill of lading, that party effectively accepts and ratifies the terms and conditions of the carrier's bill of lading and is bound thereby, including the forum-selection clause. *See* <u>Kukje Hwajae Insurance Co., Ltd. v. M/V HYUNDAI LIBERTY</u>, 408 F.3d 1250, 1254 (9th Cir. 2005) (cargo owner bound by forum-selection

7

clause incorporated in carrier's bill of lading after having filed suit for damages arising under the bill of lading); Mitsui & Co. (USA), Inc. v. MIRA M/V, 111 F.3d 33, 36 (5th Cir. 1997)("the district court did not err in determining that, by filing a lawsuit for damages under the bill of lading, [the shipper] has accepted the terms of the bill of lading, including the unnegotiated forum-selection clause); All Pacific Trading, Inc. v. Vessel M/V HANJIN YOSU, 7 F.3d 1427, 1432 (9th Cir. 1993)(plaintiff's initiation of suit under bill of lading bound plaintiff to all its terms and conditions); United Van Lines, LLC v. Lohr Printing, No. 11-4761, 2014 U.S. Dist. LEXIS 97557, at *23 (D.N.J. July 17, 2014)("a party suing under a bill of lading consents and is bound by the terms of the bill of lading); F.D. Import & Export Corp. v. M/V REEFER SUN, 248 F. Supp. 2d 240, 248 (S.D.N.Y. 2002)(shipper bound by bill of lading terms having brought suit thereunder).

In sum, having filed the instant lawsuit alleging losses and damages to his property arising during the intermodal or through carriage from Sydney, Australia to Ballston Spa, New York under the B/L, plaintiff is contractually bound to honor the forum-selection clause incorporated in said bill of lading, which unambiguously mandates that plaintiff's claims must be adjudicated in the United States District Court for the Southern District of New York.

## POINT III

**THE S.D.N.Y. FORUM SELECTION CLAUSE IN THE VLS BILL OF LADING IS VALID AND ENFORCEABLE**

The United States Supreme Court has held that under federal admiralty law forum-selection clauses are presumed to be *prima facie* valid. <u>Bremen</u>, 407 U.S. at 4, 9-19. Thus, the law "places the burden on the plaintiff, which brought suit in a forum other than the one designated by the forum-selection clause, to make a 'strong showing' in order to overcome the presumption of enforceability". <u>New Moon Shipping Co., Ltd. v. Man B & W Diesel AG</u>, 121 F.3d 24, 29 (2d Cir. 1997) (discussing <u>Bremen</u>).

The forum selection clause incorporated in the B/L provides that **"[a]ll disputes in any way relating to this Bill of Lading shall be determined by the United States District Court for the Southern District of New York to the exclusion of the jurisdiction of any other courts in the United States or the courts of any other country"**. (<u>Hassapis</u> Declaration, ¶14, Ex. 2). As noted herein before, similar forum-selection clauses have been found valid and enforceable.

## POINT IV

**TRANSER TO THE SOUTHERN DISTRICT OF NEW YORK IS MANDATED UNDER THE FORUM-SELECTION CLAUSE IN THE VLS BILL OF LADING**

In 2013, the United States Supreme Court, in a unanimous opinion, clarified the standard federal district courts must apply in adjudicating a motion to transfer venue where the parties have

9

contractually agreed to a particular forum, and reinforced the enforceability of forum-selection clauses in contracts. In Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, 571 U.S. 49, 134 S. Ct. 568 (2013), the parties stipulated that their disputes "shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division". Id., 134 S. Ct. at 575. Plaintiff had commenced an action in the United States District Court for the Western District of Texas, and defendant moved to dismiss the action under Rule 12(b)(3) or, alternatively, to transfer venue, pursuant to 28 U.S.C. §1404(a), to the United States District Court for the Eastern District of Virginia.

The United States Court of Appeals for the Fifth Circuit had held that a motion under Section 1404(a) was the proper mechanism to enforce a forum-selection clause but had then conducted a balance-of-interests analysis under that section to uphold a denial of a motion to transfer venue despite the fact that the forum-selection clause was valid. Id., 134 S. Ct. at 576, 581. While the Supreme Court agreed with the Fifth Circuit that Section 1404(a) was the proper enforcement vehicle, it nevertheless rejected the application of the interest-balancing test when a transfer motion is based on a valid forum-selection clause:

> Although the Court of Appeals correctly identified §1404(a) as the appropriate provision to enforce the forum-selection clause in this case, the Court of Appeals erred in failing to make the adjustments required in a §1404(a) analysis where the transfer motion is premised on a forum-selection clause. **When the parties have agreed to a valid forum-selection clause, a district court <u>should</u> ordinarily transfer the case to the forum specified in that clause. <u>Only under extraordinary circumstances</u> unrelated to the convenience of the parties** should a §1404(a) motion be denied.

<u>Id.</u>, 134 S. Ct. at 581 (emphasis added).

The Supreme Court went on to explain that the balance-of-interests analysis is not required when the parties' contract contains a valid forum-selection clause because "the enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests in the justice system". <u>Id.</u> Accordingly, in the <u>Atlantic Marine</u> Court's view, district courts must give forum selection clauses "**controlling weight** in all but the most exceptional cases". <u>Id.</u> (emphasis added). In fact, the unanimous court explicitly held that the plaintiff's choice of forum and the parties' private interests have no weight whatsoever in a court's adjudication of a motion to transfer under Section 1404(a). <u>Id.</u>, 134 S. Ct. at 581-582. Further, the Court observed that public-interest factors will rarely defeat a transfer motion such that "the practical result is that forum-selection clauses should control except in unusual cases". <u>Id.</u> A plaintiff bears the burden of proof to demonstrate that such exceptional circumstances

are present in a given case.  *See* In Re: Howmedica Osteonics Corp., 867 F.3d at 397 ("where contracting parties have specified the forum in which they will litigate disputes arising from their contract, federal courts must honor the forum-selection clauses '[i]n all but the most unusual cases,' following the Supreme Court's instructions in [Atlantic Marine]".).

This case concerns an ordinary dispute pursuant to the terms and conditions of the parties' contract of carriage.  Plaintiff cannot establish the presence of any exceptional circumstances that would prevent the enforceability of the forum-selection clause contained in the B/L.  On the contrary, these types of forum-selection clauses in bills of lading have been regularly and consistently upheld as valid and enforceable given the presumption afforded such clauses by the Supreme Court in Bremen.  Accordingly, VLS respectfully submits that this Court, on the basis of the Supreme Court's controlling decision in Atlantic Marine, should grant the within motion in all respects.

**CONCLUSION**

By reason of the foregoing matters, VLS respectfully requests that this action be transferred to the United States District Court for the Southern District of New York, the designated forum the parties freely contracted for in the applicable B/L.

Respectfully submitted,

LAW OFFICES OF GEORGE N. STYLIADES

/s/ George N. Styliades
George N. Styliades
Attorney ID No. 016361989
214 West Main Street
Suite 105
Moorestown, NJ 08057-2345
(856) 482-8877
gstyliades@styliadeslaw.com

Attorney for Defendant

Date:  May 26, 2022