# KEVIN KERVENG TUNG, P.C.
Attorneys and Counselors at Law

Writer's direct email:
Kevin K. Tung, Esq.
ktung@kktlawfirm.com
Admitted in NY and NJ

Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
Tel: (718) 939-4633
Fax: (718) 939-4468

www.kktlawfirm.com

September 24, 2022

**VIA ECF**
Hon. Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/12/2022
```

Re:     Beaumont v. Vanguard Logistics Services (USA), Inc.
        Docket No.: 1:22-sv-06235-MKV

Dear Hon. Vyskocil:

Please be advised that the undersigned represents the plaintiff in connection with the above referenced matter. I am writing on behalf of the plaintiff requesting court's permission to file the Amended Complaint. A copy of the proposed Amended Complaint is annexed herewith as Exhibit "A".

The instant case was originally commenced by plaintiff by filing the complaint in the Superior Court of New Jersey, Law Division in Middlesex County under the Docket No.: Mid-L-1764-22. The case was removed to Federal District Court of New Jersey, Newark Vicinage, under the Docket No.: 2:22-cv-02715-WJM-LDW. Upon the motion filed by defendant to transfer venue, this case was transferred to this Court.

Because the original complaint contains only causes of action under New Jersey State laws, the plaintiff has to amend his complaint to include causes of action under federal maritime laws as they apply to international carriers and transportation. This is actually the basis the defendant had argued to remove the case to federal court.

Pursuant to Federal Rules of Civil Procedure, Rule 15, leave to amend the complaint should be freely given unless the proposed amendment is clearly without merit and would prejudice non-moving parties. See <u>Loehr v. Ventura County Cmty. Coll. Dist.</u>, 743 F.2d 1310, 1319 (9th Cir. 1984). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." <u>Chudacoff v. Univ. Med. Center of S. Nev.</u>, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the policy of favoring amendments to pleadings should be applied with "extreme liberality". <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981).

1

Considering that the discovery procedure has not begun, there would be no prejudice to the defendant for the request to amend the complaint. Therefore, the plaintiff's request should be granted permitting the plaintiff to amend the summons and compliant. In the event, defendant opposes the instant request for permission to amend the complaint, plaintiff respectfully requests this Court schedule a motion schedule to file a formal motion for the same relief sought in this letter.

Your attention to this matter is greatly appreciated.

Very truly yours,

Kevin K. Tung

In the light of Defendant's failure to respond to this letter, Plaintiff's unopposed request to file an amended complaint is GRANTED. Plaintiff shall file the amended complaint by October 21, 2022. Defendant shall respond within 14 days.

Date: October 12, 2022
New York, New York

Mary Kay Vyskocil
United States District Judge