UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GARY BEAUMONT,

          Plaintiff,

v.

VANGUARD LOGISTICS SERVICES (USA), INC.,
and JOHN DOES 1-10
(Fictitious Names)
and ABC COMPANIES 1-10
Fictitious Names)

          Defendants.

------------------------------------------------------------x

Docket No.: 1:22-cv-06235-MKV

**AMENDED VERIFIED COMPLAINT**

Plaintiff, GARY BEAUMONT, by his attorneys, KEVIN KERVENG TUNG, P.C., as and for his complaint against the defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution, and 28 U.S.C. §1331 (federal question), §1333 (maritime) and, as hereafter more fully appears, is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the carriage of goods by sea to ports of the United States in foreign trade and thus comes under the laws of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701, and federal maritime common law as it applies to international carriers and transportation.

2. The venue is proper in this District, because the Clause 21(b) of "Bill of Lading" expressly designates the United States District Court for the Southern District of New York as the place for trial.

1

## THE PARTIES

3. Plaintiff, GARY BEAUMONT, at all times hereinafter mentioned is and was is an individual residing at 563 Washington Avenue, Albany, New York 12206.

4. Upon information and belief, Defendant, VANGUARD LOGISTICS SERVICES (USA), INC. ("VLS"), at all times hereinafter mentioned is and was is a domestic corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 300 Middlesex Avenue, Carteret, New Jersey 07008.

5. Upon information and belief, Defendants John Doe 1-10 and ABC Companies are fictitious individuals meant to represent the owners, servants, employees, representatives and independent contractors of the Defendant VLS who have been involved in the conduct which gives rise to this complaint; however, whose names are unknown to the plaintiff. As these defendants are identified, Plaintiff shall amend the Complaint to include them.

## STATEMENT OF FACTS

6. Upon information and belief and at all material times, Defendant VLS is a company engaged in the business commonly known as a "freight forwarder." In addition, Defendant VLS is also a Customs House Brokerage firm ("CHB").

7. Upon information and belief and at all material times, Defendant VLS is an U.S. registered Non-Vessel Operator Common Carrier ("NVOCC"). As a NVOCC, VLS does not own the vessels (whether ocean going or air) by which VLS by itself or through agents around the world arranges the passage of its customer's freight, which is typically encased in transport containers of the type found on ocean going container ships, or being pulled by tractor trailers on U.S. and foreign highways.

8. Upon information and belief and at all material times, as a NVOCC, VLS itself or through its agents around the world, receives a master bill of lading issued by the vessel owner, designating VLS as the consignee to receive the freight at the U.S. delivery ports. VLS issues its own House Bill of Lading in connection with the corresponding master bill of lading, designating the consignee according to the shipper's instruction.

9. Upon information and belief and at all material times, VLS's CHB business involves the clearance of freight through United States Customs. VLS accomplishes this CHB function by paying customs duties for and on behalf of customers, and by receiving the freight from the vessel owner according to the master bill of landing, and by moving their freight from bonded to general warehouses. Ultimately VLS moves freight into the hands of consignees designated on VLS's Bill of Ladings.

10. Upon information and belief and at all material times, some of VLS's ancillary services include warehousing, inland transportation of freight by truck and related services including packaging, labeling, back-office facilities, real time computer logistics, and essentially full-service movement of freight from point "A" to point "B" by whatever legal means the customer requires.

**FIRST CLAIM FOR RELIEF**

**(LIABILITY OF DEFENDANTS UNDER COMMON LAW NEGLIGENCE)**

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "10" of the Complaint, with the same force and effect as if more fully set forth at length herein.

12. The Plaintiff entered into an agreement with Defendant VLS to take possession in its warehouse of a shipment consisting but not limited to his motor cycle referred to as the

consignment and as listed in the Bill of Lading. The Plaintiff was shipping the consignment from Sydney, Australia to New York City. The sum of $1,837.35 was paid in total by Plaintiff to Defendant VLS.

13. The Defendants assumed full custody, care and control of the consignment pursuant to the agreement. Defendants breached their duties owed to the Plaintiff in the handling the shipments of the Plaintiff.

14. On or about September 1, 2021, upon information and belief, due to the negligence of the employees or agents of the Defendant VLS, forklift was dropped upon and destroyed the above-mentioned motorcycle and other goods contained therein while in the warehouse of VLS. By admission from the warehouse manager and verified by close inspection of the custom made and purposely built shipping crate, Plaintiff's shipment was crushed by a great weight from above.

15. The motorcycle is a total loss. The other items included in the cargo such as a Cannondale Men's Mountain bike, four motorcycle helmets, two wall prints, and two unique and original Australian Native paintings that were framed and packaged were also torn and therefore ruined and a total loss.

16. The shipment had been unloaded but has not yet cleared customs. Plaintiff has been unable to clear Customs as the shipment's destruction renders the motorcycle ineligible for entry into the United States.

17. The shipment was in the custody, care and control of the Defendant VLS at the time it was destroyed. The damage to the property was caused by the negligence of Defendant VLS and its employees. Defendant VLS is liable and responsible for the entire loss.

18. As a result of the negligence on the part of the Defendant VLS, Plaintiff sustained damages totaling $39,089.35. The Plaintiff requested that the Defendant pay the cost of the loss; however, the Defendant has declined their responsibilities.

## SECOND CLAIM FOR RELIEF

### (LIABILITY OF DEFENDANTS UNDER THE CARRIAGE OF GOODS BY SEA ACT)

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "18" of the Complaint, with the same force and effect as if more fully set forth at length herein.

20. By virtue of the foregoing, Defendants VLS failed to make proper delivery of the Plaintiff's shipment as a common carrier by sea in New Jersey Port and are liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1300 et. al.

21. As a result of the negligence on the part of the Defendant VLS, Plaintiff sustained damages totaling $39,089.35.

## THIRD CLAIM FOR RELIEF

### (LIABILITY OF DEFENDANTS FOR BREACH OF MARITIME CONTRACT)

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "21" of the Complaint, with the same force and effect as if more fully set forth at length herein.

23. By virtue of the foregoing, Defendants breached their contractual agreement with Plaintiff and is therefore liable for the damages sustained by the Plaintiff.

24. Adequate and prompt notice of the aforesaid breach has been provided to Defendant VLS or its agent. Plaintiff has at all material times complied with all obligations under its contract with the Defendant VLS.

25. As a result of the breach of the maritime contract on the part of the Defendant VLS, Plaintiff sustained damages totaling $39,089.35.

## FOURTH CLAIM FOR RELIEF

### (LIABILITY OF DEFENDANTS FOR BREACH OF FEDERAL MARITIME COMMON LAW OF BAILMENT)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "26" of the Complaint, with the same force and effect as if more fully set forth at length herein.

27. Plaintiff tendered the aforesaid shipment to Defendants in good and sound condition, for adequate consideration, as a bailment.

28. With no fault on the part of Plaintiff's contributing thereto, Defendants failed and refused to return said shipment to Plaintiff upon demand therefor.

29. By virtue of the foregoing, Defendants are liable under the principles of common law bailment for the damages of the Plaintiff's shipment.

30. As a result of the breach of the maritime contract on the part of the Defendant VLS, Plaintiff sustained damages totaling $39,089.35.

## FIFTH CLAIM FOR RELIEF

### (LIABILITY OF DEFENDANTS UNDER CONSUMER FRAUD ACT N.J.S.A. 56:8-2)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "30" of the Complaint, with the same force and effect as if more fully set forth at length herein.

32. The Consumer Fraud Act N.J.S.A. 56:8-2 (hereafter known as the "CFA" prohibits the following: "The act, use, or employment of any unconscionable commercial practice, deception, fraud, false pretense, false promise [or] misrepresentation, or a knowing

concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission in connection with the sale or advertisement of any merchandise or services."

33. The Defendants through their owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives and independent contractors have engaged in the use of unconscionable commercial practices, false promises, misrepresentations and the knowing concealment, suppression, or omission of material facts in the violation of the CFA in their interactions with Plaintiff.

34. The Defendants through their owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives and independent contractors have violated statutes and administrative regulations promulgated pursuant to the CFA in their interactions with Plaintiff.

35. The conduct of Defendants in violation of the CFA includes but not limited to the unconscionable commercial practices, false promises, and/or misrepresentations, and knowing omissions of material fact set forth in this Complaint.

36. Each unconscionable commercial practice, false promises and/or misrepresentations and/or knowing omissions of material fact by Defendants constitutes a separate violation of the CFA.

37. The Plaintiff relied to his detriment upon the false promises and/or misrepresentations, and knowing omissions of material fact made by the Defendants.

38. The Plaintiff sustained damages as a result of his reliance upon the false promises, material fact by Defendants.

39. The acts and omissions of unlawful practices in constituted multiple instances of unlawful practices in violation of the CFA (N.J.S.A. 56:8-1) including but not limited to the acts and practices alleged in this Complaint.

40. For the foregoing reasons, Plaintiff sustained damages totaling $39,089.35against Defendant VLS and John Does 1-10 (Fictious Names) and ABC Companies 1-10 (Fictitious Names).

## DEMAND FOR JURY TRIAL

41. Plaintiff hereby demands trial by jury for any and all claims if any under F.R.Civ.P. 38(a).

## REQUEST FOR RELIEF

Plaintiff respectfully requests that a judgment be entered as follows:

A. Directing that Defendants to pay compensatory damages of $39,089.35 on all claims against Defendants;

B. Directing that Defendants to pay treble or triple damages;

C. Awarding the Plaintiff reasonable costs, disbursements and attorney's fees for the prosecution of this action;

D. Awarding the Plaintiff such other and further relief as may be just and proper.

Dated: Queens, New York
September 17, 2022

                          KEVIN KERVENG TUNG, P.C.
                          Attorneys for the Plaintiff

                          By: Kevin K. Tung, Esq.
                          Queens Crossing Business Center

136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633

# VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF Albany )

Gary Beaumont, being duly sworn, states that he is plaintiff in the within action and that the Amended Verified Compliant is true to his knowledge, except as to matters stated therein to be alleged on information and belief and as to those matters he believes them to be true.

_____
Gary Beaumont      Plaintiff

Sworn to before me this
19th Day of September, 2022

_____
Notary Public

[Notary Seal: JANET WALLRAVIN, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Saratoga County, 01WA6349118, MY COMMISSION EXPIRES 10/17/2024]