```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/27/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY BEAUMONT,

                Plaintiff,

-against-

VANGUARD LOGISTICS SERVICES (USA), INC., POLICE OFFICERS JOHN DOES 1-10, and ABC COMPANIES 1-10,

                Defendants.

22-cv-6235 (MKV)

OPINION & ORDER
DENYING MOTION
FOR PARTIAL
SUMMARY JUDGMENT

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Gary Beaumont brings this action against Defendant Vanguard Logistics Services (USA), Inc. ("VLS") to recover money for damage that his property sustained when VLS shipped a container of his property from Sydney, Australia to New York. VLS moves for partial summary judgment, arguing that any damages are limited to $500 pursuant to the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, and the parties' contract. For the reasons set forth below, the motion for partial summary judgment is DENIED.

## I.    BACKGROUND[1]

### A. Facts

Plaintiff Gary Beaumont entered into an agreement with Defendant Vanguard Logistics Services (USA), Inc. ("VLS") to ship Beaumont's property from Sydney, Australia to New York.

---

[1] The facts are drawn from the declarations, affidavits, and exhibits that the parties submitted in connection with this motion [ECF Nos. 32, 36, 38, 39, 41]. VLS properly submitted a statement of facts pursuant to Local Civil Rule 56.1 and the Court's Individual Rules [ECF No. 33]. Beaumont failed to do the same. As such, VLS contends that its own statement of facts should be "deemed admitted," and the Court should rule that there is no material dispute of fact in this case [ECF No. 40 ("Reply") at 1]. However, as explained below, Beaumont submits an affidavit and exhibits that make clear there is a material dispute about whether VLS sent Beaumont the portion of the bill of lading that discloses the $500 per package limitation on liability and, therefore, provides a fair opportunity to declare higher value and pay an excess charge for additional protection [ECF No. 32-2 ("VLS Bill of Lading"); ECF No. 36-1, Ex.1 ("Beaumont Aff.") ¶¶ 16, 17, 18; ECF No. 36-1, Ex. C ("Beaumont Bill of Lading"), ECF No. 36-1, Ex. D]. *See Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing*, 167 F.3d 99, 101 (2d Cir. 1999).

*See* VLS Bill of Lading; Beaumont Bill of Lading; *see also* Beaumont Aff. ¶ 9. The property consisted of "1 CRATE" containing a "USED MOTORCYCLE/RIDING GEAR," as well as one bicycle, a collection of DVDs, and assorted framed prints. *See* VLS Bill of Lading; Beaumont Bill of Lading; *see also* Beaumont Aff. ¶ 12 (describing the motorcycle as "a hand built Italian Ducati Multi Strada 1200 MTS 1200"). There is no dispute that the shipment consisted of one package [ECF No. 37 ("Pl. Opp.") at 1 ("one crate")]. *See* VLS Bill of Lading ("Total No. of Pkgs. 1"); Beaumont Bill of Lading ("Total No. of Pkgs. 1").

Through its "non-vessel operating common carrier in Hong Kong," VLS issued a bill of lading for the shipment [ECF No. 33 ¶ 2; ECF No. 34 ("Def. Mem.") at 1]. *See* Pl. Opp. at 1; VLS Bill of Lading; Beaumont Bill of Lading. However, the parties dispute what, precisely, was sent to Beaumont. That is, the parties agree that the bill of lading has a "back" page or "REVERSE SIDE" that lists various terms and conditions. VLS Bill of Lading; Beaumont Bill of Lading; Pl. Opp. at 2; Reply at 2. Specifically, the back page includes a paragraph entitled "LIMITATION OF LIABILITY," which states that "the value of the cargo shall be deemed to be $500 per package" unless "otherwise provided" and mentions COGSA. VLS Bill of Lading ¶ 19. But Beaumont maintains that he "never saw the reverse side of the Bill of Lading" because he "placed the shipping order via email," and then "only the top half of the [bill of lading] was sent" back to his shipping agent. Beaumont Aff. ¶ 16.

Beaumont offers evidence that, after his shipment arrived at a warehouse in New Jersey, VLS accidentally damaged his property when a "forklift" dropped a "much larger item on top of [his] cargo" [ECF No. 36-1, Ex. A]. Beaumont alleges that his motorcycle was destroyed and seeks to recover $39,089.35 [ECF No. 18 ("AC") ¶¶ 15, 18].

**B. Procedural History**

Beaumont filed a complaint in state court in New Jersey, and VLS removed the case to the United States District Court for the District of New Jersey on the basis of diversity jurisdiction and maritime jurisdiction [ECF No. 1]. VLS then moved to transfer the case to the Southern District of New York pursuant to a forum selection clause on the back of the bill of lading [ECF No. 6]. Beaumont opposed that motion, arguing that: (1) no admiralty jurisdiction exists because his property was damaged on land in a warehouse; (2) the forum selection clause was an unenforceable contract of adhesion and that a "reasonably prudent person" would not have been aware of the forum selection clause in "very tiny" print on the back of the bill of lading; and (3) COGSA does not apply because the property was damaged on land [ECF No. 8].

The New Jersey district court granted the motion of VLS to transfer the case [ECF No. 11]. *Beaumont v. Vanguard Logistics Servs. (USA), Inc.*, 615 F. Supp. 3d 253, 258 (D.N.J. 2022). The court ruled that admiralty jurisdiction exists because the "bill of lading requires substantial carriage of goods by sea," and "thus it is a maritime contract." *Beaumont*, F. Supp. 3d at 258 (quoting *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 27 (2004)). The court ruled that the forum selection was enforceable even if it were "part of an adhesion contract." *Beaumont*, F. Supp. 3d at 260 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)). With respect to the applicability of COGSA, the New Jersey district court observed:

> Because the cargo was damaged on land, Plaintiff contends that COGSA is inapplicable. However, "[a]ll cargo shipments carried by sea to or from the United States are subject to COGSA." [*Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1339 (9th Cir. 1997)]. Moreover, the [bill of lading] expressly extends the application of COGSA to "the entire time the Carrier is responsible for the Goods," including "after discharge from the vessel." B/L, ¶ 4(a). By the [bill of lading's] express terms, COGSA governs the land transport of the goods at issue. *See Kirby*, 543 U.S. at 29, 125 S.Ct. 385 (recognizing that parties may extend COGSA's applicability by contract to the entire period in which goods would be under carrier's responsibility, including period of inland transport). Accordingly, Defendant argues that COGSA preempts Plaintiff's state law claims. *See Polo Ralph Lauren, L.P. v.*

3

> *Tropical Shipping & Const. Co., Ltd.*, 215 F.3d 1217, 1220 (11th Cir. 2000) ("COGSA, when it applies, supersedes other laws."); *Amazon Produce Network, LLC v. M/V LYKES OSPREY*, 553 F. Supp. 2d 502, 506 (E.D. Pa. 2008) (COGSA "provides an exclusive remedy for damage to cargo incurred during carriage between foreign and United States ports."). However, the Court need not resolve this dispute to rule on the pending transfer motion.

*Beaumont*, F. Supp. 3d at 262 n.9.

After the New Jersey district court transferred the case to this Court, Beaumont filed the Amended Complaint, which is the operative pleading [ECF No. 18 ("AC")]. In the Amended Complaint, Beaumont asserts claims: for common law negligence, AC ¶¶ 11–18; pursuant to COGSA, AC ¶¶ 19–21; for breach of maritime contract, AC ¶¶ 22–25; for liability under "federal maritime common law of bailment," AC ¶¶ 26–30; and under the New Jersey Consumer Fraud Act, AC ¶¶ 31–40.

VLS filed the pending motion for partial summary judgment [ECF Nos. 31, 32, 33, 34 ("Def. Mem.")]. It argues that COGSA and the terms of the bill of lading limit any damages to $500 and that COGSA preempts Beaumont's other claims. Beaumont filed an opposition [ECF Nos. 36, 37 ("Pl. Opp.")], and VLS filed a reply [ECF Nos. 38, 39, 40 ("Reply"), 41].

## II.     LEGAL STANDARD

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court "may not make credibility determinations or weigh the evidence." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006). The court "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Id.* If there is evidence in the record that supports a reasonable inference in favor of the

opposing party, summary judgment is improper. *See Brooklyn Ctr. For Indep. of the Disabled v. Metro. Transportation Auth.*, 11 F.4th 55, 64 (2d Cir. 2021)

### III.   DISCUSSION

The United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, states that "[n]either the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package." COGSA § 4(5). This per package limitation on liability does not apply, however, "if the shipper does not have a fair opportunity to declare higher value and pay an excess charge for additional protection." *Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing*, 167 F.3d 99, 101 (2d Cir. 1999). Here, the parties dispute whether Beaumont had a "fair opportunity" to declare a higher value for the contents of the package he shipped.

VLS argues that COGSA applies to this case, since the New Jersey district court ruled that the bill of lading is a maritime contract, and Beaumont now asserts a claim under COGSA. *See* Def. Mem. at 4–5. VLS further argues that the "Bill of Lading validly extended the protection of COGSA throughout the time that VLS was responsible for Beaumont's property," and that, since the "Amended Complaint relies on the Bill of Lading," Beaumont "is bound by the terms thereof." Def. Mem. at 4–5. VLS stresses that there is no question Beaumont's "1 crate" constitutes one package under COGSA. Def. Mem. at 6. Finally, VLS argues that COGSA preempts Beaumont's other claims. Def. Mem. at 7–9. Thus, VLS contends, it is entitled to a ruling that its total potential liability cannot exceed $500.

VLS, however, entirely fails to contend with the fair opportunity doctrine in its opening brief. To be sure, where a bill of lading "explicitly incorporate[s] COGSA's provisions or refer[s] in some way to the $500 per package limitation," this "constitute[s] prima facie evidence of fair opportunity." *Royal Ins. Co. v. M.V. ACX Ruby*, No. 97-cv-3710 (MBM), 1998 WL 524899, at *3

5

(S.D.N.Y. Aug. 21, 1998). And VLS submits in support of its motion a version of the bill of lading that contains the relevant paragraph, entitled "LIMITATION OF LIABILITY," which states that "the value of the cargo shall be deemed to be $500 per package" unless "otherwise provided" and mentions COGSA. VLS Bill of Lading ¶ 19. However, Beaumont submits evidence that he "never saw the reverse side of the Bill of Lading" because he "placed the shipping order via email," and then "only the top half of the [bill of lading] was sent" back to his shipping agent. Beaumont Aff. ¶ 16. He submits a version of the bill of lading that does not contain the relevant language. *See* Beaumont Bill of Lading. Thus, there is evidence in the record to support Beaumont's position. *See Brooklyn Ctr. For Indep. of the Disabled*, 11 F.4th at 64.

In its reply brief, VLS asserts that the district court judge in New Jersey previously rejected the contention that Beaumont lacked notice of the reverse side of the bill of lading. Reply at 1. This assertion is incorrect. Based on this Court's review of the record, Beaumont never argued in his briefing to the New Jersey district court that the COGSA $500-per-package limitation does not apply because VLS failed to send the reverse side of the bill of lading. Rather, Beaumont argued that the forum selection clause was an unenforceable contract of adhesion and that a "reasonably prudent person" would not have been aware of the forum selection clause in "very tiny" print on the back of the bill of lading [ECF No. 8]. In response, the New Jersey district court ruled that it did not matter whether the bill of lading was a contract of adhesion. *Beaumont*, F. Supp. 3d at 260. The New Jersey district court also commented that there was no issue as to whether Beaumont had sufficient notice, citing a version of the bill of lading supplied by VLS. *Beaumont*, F. Supp. 3d at 261. None of that reasoning applies here, since COGSA requires a fair opportunity to declare higher value than its $500 limitation, and, as explained, above Beaumont does offer evidence that he lacked sufficient notice.

VLS also argues in its reply that Beaumont had a fair opportunity because the front of the bill of lading states: "FOR EXCESS AD VALOREM VALUE SEE CLAUSE 19 ON REVERSE SIDE." Reply at 2. According to VLS, this was sufficient to put Beaumont on notice that the bill of lading had a reverse side. Beaumont, meanwhile, points out that the front of the bill of lading says "Page 1 of 1," suggesting that there was no second page. *See* Beaumont Bill of Lading. At this stage of the case, the Court cannot weigh the conflicting evidence and decide whether the front of the bill of lading provided Beaumont with sufficient notice and a fair opportunity to avoid the $500 limitation on liability. *See Jaegly*, 439 F.3d at 151.

Rather, the Court's role on summary judgment is only to determine whether there is a material dispute, and it is clear there is such a material factual dispute here. Moreover, since it remains to be seen whether COGSA imposes any limitation on VLS's liability, it is premature to decide whether COGSA preempts Beaumont's other claims. *Cf. Alpina Ins. Co. v. Trans American Trucking Serv., Inc.*, 2004 WL 1673310, at *4 (S.D.N.Y. July 28, 2004) ("*When COGSA limits liability*, it preempts state law. . . .") (emphasis added).

## IV.   CONCLUSION

For the reasons set forth above, the motion for partial summary judgment is DENIED. The Clerk of Court respectfully is requested to close the motion at docket entry 31. The parties shall appear for a Post Discovery Conference on October 26, 2023 at 10:00 a.m. A joint status letter and any pre-motion submissions are due one week before the conference.

**SO ORDERED.**

Date:  September 27, 2023
        New York, NY

*[signature: Mary Kay Vyskocil]*
MARY KAY VYSKOCIL
United States District Judge