```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/1/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARY BEAUMONT,

                        Plaintiff,

-against-

VANGUARD LOGISTICS SERVICES (USA), INC.,
POLICE OFFICERS JOHN DOES 1-10, and ABC
COMPANIES 1-10,

                        Defendants.

22-cv-6235 (MKV)

**OPINION & ORDER
DENYING MOTION FOR
RECONSIDERATION**

---

MARY KAY VYSKOCIL, United States District Judge:

      Defendant Vanguard Logistics Services (USA), Inc. ("VLS") moves for reconsideration of this Court's September 27, 2023 Opinion and Order denying VLS's motion for partial summary judgment. *See* Opinion & Order [ECF No. 50] ("Op."). Specifically, VLS seeks reconsideration on the grounds that: (i) the transfer order issued by the District of New Jersey constitutes a binding prior determination of the contents of the bill of lading (ii) Plaintiff Gary Beaumont waived any argument that he did not see the reverse side of the bill of lading; and (iii) COGSA mandates the dismissal of Beaumont's state law claims. For the following reasons, the motion for reconsideration is DENIED.

## BACKGROUND

      The Court assumes familiarity with the facts and procedural history of this case, which are memorialized in the September 2023 Opinion and Order. *See* Op. In that decision, the Court denied VLS's motion for partial summary judgment. Relevant here, VLS argued in its summary judgment briefing that COGSA and the bill of lading limited any damages suffered by Beaumont to $500, and that COGSA preempted Beaumont's other claims.

The Court found that there was a genuine dispute of material fact with respect to whether Beaumont had a "fair opportunity" to declare a higher value for the contents of the package he shipped, and therefore concluded that VLS had not carried its burden to show that, as a matter of law, COGSA's $500 limitation applied. *See* Op. 5–7. Since it was unclear whether COGSA imposed any limitation on VLS's liability, the Court found it was premature to decide whether COGSA preempted Beaumont's other claims. *See* Op. 7.

## LEGAL STANDARD

Reconsideration of an earlier decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011). To succeed on such a motion, VLS "carries a heavy burden." *In re Taneja*, No. 17-cv-9429, 2019 WL 1949839, at *1 (S.D.N.Y. Apr. 19, 2019). Reconsideration will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). The decision to grant or deny reconsideration "rests within the sound discretion of the district court." *Vincent v. Money Store*, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

## DISCUSSION

VLS urges the Court to reconsider its summary judgment ruling. VLS first contends that the transfer order issued by the District of New Jersey "established law of the case that the terms of the bill of lading [offered by VLS was] the governing contract of carriage." *See* Memorandum of Law in Support 2 [ECF No. 52] ("Def. Mem."). This argument is both improper and unpersuasive. To

start, VLS did not make this argument in its initial summary judgment briefing, and it is well-established that reconsideration is "*not* a vehicle for relitigating old issues" or "presenting the case under new theories." *Analytical Surveys*, 684 F.3d at 52 (emphasis added). Moreover, the law of the case doctrine is limited "to issues *previously determined*." *Quern v. Jordon*, 440 U.S. 332, 347 n.18 (1979) (emphasis added); *see also United States v. Hatter*, 532 U.S. 557, 566 (2001) ("The law of the case doctrine presumes a hearing on the merits."); *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 334 (S.D.N.Y. 2009), *aff'd*, 450 F. App'x 3 (2d Cir. 2011) ("[T]he law of the case doctrine only applies to 'issues that have actually been decided.' (citation omitted)). VLS concedes that Beaumont did *not* argue before the District of New Jersey that he had not received the reverse side of the bill of lading, which contained the $500 per package limitation, and thus, Beaumont did not contend that the fair opportunity doctrine applied. *See* Def. Mem. 4–5; Reply Memorandum of Law 4 [ECF No. 55] ("Reply") ("[A]t no time before filing its opposition brief had Plaintiff raised the so-called 'fair opportunity' doctrine."). Because "[q]uestions that have not been decided do not become the law of the case merely because they could have been decided," *Certain Underwriters at Lloyds of London v. Ill. Nat'l Ins. Co.*, No. 09-cv-4418, 2017 WL 4326056, at *3 (S.D.N.Y. Aug. 31, 2017), the Court finds this argument wholly meritless.

  VLS next contends that Beaumont waived his contention that he did not see the reverse side of the bill of lading because he did not make this argument in the District of New Jersey. *See* Def. Mem. 4–5. But it is VLS—not Beaumont—who has waived the argument. VLS did not raise this argument in its initial summary judgment briefing, *see Analytical Surveys*, 684 F.3d at 52, nor does VLS provide a *single* citation to legal authority in support of its assertions now, *see* Def. Mem. 4–5; Reply 4; *see also Shrader*, 70 F.3d at 257 ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

3

words, that might reasonably be expected to alter the conclusion reached by the court."). Reconsideration is therefore unwarranted.[1]

VLS also argues that COGSA mandates the dismissal of Beaumont's state law claims. *See* Def. Mem. 5. Given the outstanding questions regarding whether COGSA imposes any limitation on VLS's liability, the Court found this issue to be premature and therefore did not resolve it. *See* Op. 7 (citing *Alpina Ins. Co. v. Trans American Trucking Serv. Inc.*, No. 03-cv-0740, 2004 WL 1673310, at *4 (S.D.N.Y. July 28, 2004)). VLS concedes that this argument is a mere rehashing of its earlier arguments, which is—again—entirely inappropriate on a motion for reconsideration. *See* Reply 5 ("VLS had urged this point in its motion."). Regardless, VLS points to no binding authority undermining this Court's decision to defer resolution of this question. *See Shrader*, 70 F.3d at 257. Quite the opposite, the authority cited by VLS indicates that declining to resolve this issue at the summary judgment stage was proper. *See Herod's Stone Design v. Mediterranean Shipping Co. S.A.*, 434 F. Supp. 3d 142, 160 (S.D.N.Y. 2020), *aff'd*, 846 F. App'x 37 (2d Cir. 2021) (COGSA "preempts state statutes and common law *to the extent that those laws allow for a longer limitations period or a greater recovery than COGSA permits*." (emphasis added)).

VLS has wholly failed to carry the "heavy burden" necessary to prevail on a motion for reconsideration. The Court will not tolerate further frivolous delays, and both parties should be prepared to litigate this case expeditiously.

---

[1] VLS also complains that this Court "overlooked VLS's additional arguments that the terms and conditions of the Bill of Lading were effectively incorporated by reference to the website page." Def. Mem. 5. VLS is incorrect. As an initial matter, this argument was raised for the first time in VLS's reply brief, and the Court was therefore under no obligation to consider it. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made in a reply brief."). In any event, this argument does not resolve the dispute of material fact regarding whether Beaumont had a "fair opportunity" to declare a higher value for his goods. *See Brooklyn Ctr. for Indep. of the Disabled v. Metro. Transp. Auth.*, 11 F.4th 55, 64 (2d Cir. 2021).

4

## CONCLUSION

The motion for reconsideration is DENIED. The Clerk of Court respectfully is requested to terminate ECF No. 51.

**SO ORDERED.**

**Date:  December 1, 2023**
      **New York, NY**

                                        **MARY KAY VYSKOCIL**
                                        **United States District Judge**